UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

JAVONTAE QUINTEZ WHITE,

    Defendant.
_____/

Case No. 1:19-CR-52

Hon. Paul L. Maloney

## INFORMATION AND NOTICE OF
## PRIOR FELONY DRUG OFFENSE CONVICTION

The United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel McGraw, Assistant United States Attorney, states as follows:

1.    Count 1 of the Indictment charges the Defendant, Javontae Quintez White, with distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The statutory penalty for this offense is a term of imprisonment of not less than 20 years and not more than life imprisonment, a $1,000,000 fine, supervised release of not less than 3 years and up to life, and a $100 special assessment. 21 U.S.C. § 841(b)(1)(C).

2.    Count 2 of the Indictment charges the Defendant, Javontae Quintez White, with distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The statutory penalty for this offense is a term of imprisonment of not

1

more than 20 years, a $1,000,000 fine, supervised release of not less than 3 years and up to life, and a $100 special assessment. 21 U.S.C. § 841(b)(1)(C).

3. Count 3 of the Indictment charges the Defendant, Javontae Quintez White, with possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The statutory penalty for this offense is a term of imprisonment of not more than 20 years, a $1,000,000 fine, supervised release of not less than 3 years and up to life, and a $100 special assessment. 21 U.S.C. § 841(b)(1)(C).

4. Pursuant to 21 U.S.C. § 851, the United States hereby notifies the Court and the Defendant that the Defendant has a prior felony drug offense conviction that became final before the date set forth in the Indictment. "Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The First Step Act of 2018 did not amend 21 U.S.C. § 841(b)(1)(C). The Indictment charges that the Defendant distributed fentanyl on July 7, 2018 and July 8, 2018, and that the Defendant possessed fentanyl and cocaine with the intent to distribute on July 8, 2018.

5. The Defendant incurred the following prior felony drug offense convictions, any one of which the government may rely on to enhance his sentence pursuant to Section 851:

a. On or about May 5, 2014, the Defendant was convicted of Controlled Substances – Maintaining a Drug House, in violation of MCL § 333.7405(1)(d), in the 17th Circuit Court for Kent County, Michigan, Case No. 2013-11338-FH.

b. On or about July 18, 2016, the Defendant was convicted of Controlled Substance – Possess (Cocaine, Heroin, or Another Narcotic) Less Than 25 Grams, in violation of MCL § 333.7403(2)(a)(v), in the 17th Circuit Court for Kent County, Michigan, Case No. 2015-5173.

6. A prior felony drug offense conviction subjects the Defendant to increased penalties if he is convicted of Count 1, Count 2, and/or Count 3 as charged in the Indictment. Specifically:

a. The statutory provision applicable to Count 1 of the Indictment states: "If any person commits such a violation after a prior conviction for a felony drug offense has become final . . . and if death or serious bodily injury results from the use of such substance [such person] shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that is authorized in accordance with the provisions of Title 18 or $2,000,000. . . ." 21 U.S.C. § 841(b)(1)(C). Further, the term of supervised release is not less than 6 years and up to life. *Id.*

b. The statutory provision applicable to Counts 2 and 3 of the Indictment states: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be

sentenced to a term of imprisonment of not more than 30 years . . . ." 21 U.S.C. § 841(b)(1)(C). Further, the maximum fine is increased to $2,000,000, and the term of supervised release is not less than 6 years and up to life. *Id.*

7. WHEREFORE, the United States of America gives notice that the Defendant, Javontae Quintez White, has a prior conviction for a felony drug offense and asks that if the Defendant is found guilty of one or more of the offenses set forth in the Indictment, he be sentenced in accordance with the enhancement provisions of 21 U.S.C. §§ 841(b)(1)(C).

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: March 6, 2019          */s/ Daniel T. McGraw*
DANIEL T. MCGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501
(616) 456-2404